## JONATHAN HARRIS V. CITY OF HOUSTON.

### Decided June 22, 1899.

**1.  Pleading in Suit for Taxes—Assessment of City Lots.**

Where, in an action for the recovery of city taxes, the petition avers that they were legally levied and rendered, and the exhibit attached shows description of the property, rate of taxation, and the amount due, but it does not appear whether the property was rendered or not by the owner, it will be presumed, on demurrer, that it was rendered by him in gross, and was therefore not separately assessed.

**2.  Same—Allegations Specifying the Taxes.**

A petition in an action for the recovery of city taxes alleging that the ordinances of the city provide for a tax of $2 on each $100 worth of property, one half for current expenses and the other for payment of its bonded indebtedness, and that the taxes sued for were levied for those purposes, is sufficient as against exceptions on the ground that it fails to show how much of the tax was for each of the several matters of current expense.

ERROR from Harris.   Tried below before Hon. WILLIAM H. WILSON.

*James A. Breeding*, for plaintiff in error.

PLEASANTS, ASSOCIATE JUSTICE.—There is no statement of facts in the record of this appeal, and the only questions submitted for our decision which we can consider are presented in the first and second assignments of error, which are as follows:

"1.   The court erred in overruling the defendant's general demurrer, because the petition of the plaintiff was and is wholly insufficient and did not state a cause of action, in this:   The petition declared upon an assessment for taxes, made by the city of Houston, on lots 2 and 3 in block 83 of the city of Houston, in bulk, giving one valuation for both of said lots, and the taxes charged against both in one lump sum; and the said petition nowhere shows or attempts to show a separate valuation or a separate assessment of the said lots; and the same nowhere shows or attempts to show a separate tax valuation upon the said lots, but he seeks to and does make the taxes upon both of the said lots a charge against each of them.

"2.   The court erred in overruling defendant's special exceptions to the plaintiff's petition, in this:   (a) Because the petition fails to show for what purpose the city of Houston levied a tax of 2 per cent upon the property of the defendant.   (b) Because the plaintiff's petition does not show what part of the tax levied, if any, was levied for the purpose of public buildings, streets, sewers, or other permanent improvements of the said city, if any there be; what tax, if any, was levied for the purpose of the payment of debts, bonds, etc., if any there be; what tax, if any, was levied for the purpose of streets, bridges; and what tax, if any, was levied for the support and maintenance of the public schools within the corporate limits of the said city."

This court is of the opinion that the general demurrer to the petition was correctly overruled.   It does not appear whether the property was

rendered by the owner or not, but it was his duty to render his property for assessment, and the petition contains this averment: "The taxes herein sued for were duly and legally levied, inventoried, and rendered for taxation pursuant to the Constitution and the laws of the State, and the charter and ordinances of the city of Houston, at the valuation and amounts specified in said exhibit 'A,' which exhibit contains and shows description of property, rate of taxation, and the amount of taxes due on said property for the years above stated." If the property was rendered by the owner to be assessed in gross, as the exhibit shows it was assessed, he can not complain that the lots were not separately assessed. And this court is of the opinion that the petition states a cause of action, and is not therefore obnoxious to a general demurrer.

The special exceptions presented under the second assignment are not good, inasmuch as from the allegations of the petition it appears that the ordinances of the city provided for the levy of a tax of $2 on each $100 worth of property; one-half of such tax to be levied for current expenses of the city, and the other half for payment of its bonded indebtedness; and the taxes sued for were levied for these purposes. Turner v. City of Houston, 21 Texas Civ. App., —.

The judgment is affirmed.

The writer of this opinion does not concur with the majority of the court in the decision here rendered. In my opinion the general demurrer to the petition should have been sustained by the trial court. When a petition for the recovery of taxes from the owner of real property shows the taxes were assessed in solido upon several tracts of land, or several town lots, without further showing that the property was rendered for assessment by the owner or his authorized agent, the petition does not show a cause of action against the owner. McCombs v. City of Rockport, 14 Texas Civ. App., 560; Baker v. State, 49 Texas, 733.

*Affirmed.*